UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AXA XL INSURANCE COMPANY UK LIMITED,<br><br>**Plaintiff,**<br><br>v.<br><br>EXEL INC., EXEL FREIGHT CONNECT INC. d/b/a DHL TRANSPORT BROKERAGE, VILSAINT ENTERPRISES LLC d/b/a LG XPRESS LINE,<br><br>**Defendants.** | Civ. No. 2:23-cv-21874 (WJM)<br><br>OPINION |

This is a subrogation action by Plaintiff AXA XL Insurance Company UK Limited ("Plaintiff") for monetary damages stemming from the alleged failed transportation of cargo. Defendants Exel Inc. d/b/a DHL Supply Chain USA ("DHL Supply Chain") and Exel Freight Connect Inc. d/b/a DHL Transport Brokerage ("DHL Transport") (jointly "DHL Defendants") move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) due to federal preemption, Fed. R. Civ. P. 8(a) for improper group pleading, and Fed. R. Civ. P. 12(b)(3) for improper venue. ECF No. 7. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, DHL Defendants' motion to dismiss is **denied in part and granted in part**.

I.     BACKGROUND

On or about November 1, 2021, the DHL Defendants (or acting on behalf of Defendant Vilsaint Enterprises LLC d/b/a LG Xpress Line ("LG Xpress")), received three separate cargos of champagne at Western Carriers in North Bergen, New Jersey. Compl. ¶ 14. The bills of lading and/or receipts[1] describe the three cases of champagne and identify both "DHL" and LG Xpress as the carrier. *Id.*; *see* Bills of Lading, ECF No. 7-3. The cargo was to be transported on behalf of insured shipper Moet Hennessy USA Inc. ("Moet") to consignee Southern Wine & Spirits in Lakeland, Florida. *Id.*

---

[1] Although the bills of lading and receipts not attached to the Complaint, they are referenced and are central to Plaintiff's claims. *See* Compl., ¶ 14. Moreover, the parties do not dispute the authenticity of the documents, which are attached as an exhibit to Defendants' motion to dismiss. ECF No. 7-3. Thus, the Court will consider them in deciding the pending motion. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

1

While en route, on November 3, 2021, the LG Xpress truck and trailer carrying the cargo of champagne rolled over resulting in a fatal highway accident in South Carolina. *Id.* at ¶ 15. Moet eventually arranged to have the DHL Defendants return the sorted and salvaged bottles of champagne to Western Carriers in New Jersey. *Id.* at ¶¶ 16-17. Upon inspection, the salvaged cargo, having sustained damage and bottle breakage, was deemed unfit for consumption. *Id.* at ¶ 19. Plaintiff, as assignee of the claim, seeks damages of $937,442.00. *Id.* at ¶ 28.

Plaintiff contends that DHL Supply Chain is an authorized broker and carrier, *id.* at ¶ 6, that DHL Transport is a broker and "*de facto* carrier," *id.* at ¶¶ 7-8, (under "The Parties"),[2] and that the DHL Defendants "took responsibility for the transportation of the subject cargo," *id.* at ¶ 13. Count One alleges all Defendants are liable as carriers under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. *Id.* at ¶¶ 26-27. In the second Count, Plaintiff asserts that DHL Transport is liable as a broker for breach of contract for failing to transport the cargo in good order and to "adhere to industry guidelines and applicable law." *Id.* at ¶¶ 22, 30-31. Specifically, Plaintiff alleges Defendants did not have on hand New Jersey alcohol permits prior to transport of alcoholic beverages. *Id.* at ¶ 20.

## II. DISCUSSION

### A. Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). That is, although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see id.* at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). While "[t]he

---

[2] The Complaint contains two paragraphs that are numbered 8, one under "The Parties" and another under "Jurisdiction and Venue."

2

plausibility standard is not akin to a probability requirement' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### 1. *The Carmack Amendment*

The Carmack Amendment, 49 U.S.C. § 14706(a)(1), states that a "carrier providing transportation or service ... or any other carrier that delivers the property [is] liable to the person entitled to recover under the receipt or bill of lading" for "the actual loss or injury to the property." It preempts all state regulation or common law remedies, including breach of contract claims, but provides a shipper recourse for damages "only against carriers." *AMG Res. Corp. v. Wooster Motor Ways, Inc.*, 796 Fed. App'x 96, 100 (3d Cir. 2020); *Certain Underwriters at Interest at Lloyds of London v. United Parcel Serv. of Am., Inc.*, 762 F.3d 332, 336 (3d Cir. 2014). A "carrier" is defined as a "motor carrier, a water carrier, and a freight forwarder." 49 U.S.C. § 13102(3). In contrast, the Carmack Amendment does not hold liable "a broker—someone who merely arranges for transportation." *Tryg Ins. v. C.H. Robinson Worldwide, Inc.*, 767 Fed. App'x 284, 285 (3d Cir. 2019); *AMG Resources Corp.*, 796 Fed. App'x. at 99. A "broker" is a "person, other than a motor carrier" that "sells, offers for sale, negotiates for, or holds itself out ... as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2). The Third Circuit has expounded on the difference between carriers and brokers:

> If an entity accepts responsibility for ensuring the delivery of goods, then that entity qualifies as a carrier regardless of whether it conducted the physical transportation. Conversely, if an entity merely agrees to locate and hire a third party to transport the goods, then it is acting as a broker. ...[M]otor carriers are not brokers just because they "arrange or offer to arrange the transportation of shipments which they are authorized to transport and which they have accepted and legally bound themselves to transport."

*Tryg Ins. v. C.H. Robinson Worldwide, Inc.*, 767 F. App'x 284, 286–87 (3d Cir. 2019) (footnotes omitted) (citing 49 C.F.R. § 371.2(a)). Apart from this "crucial question" of "whether the party has legally bound itself to transport goods by accepting responsibility for ensuring the delivery of the goods," courts have also considered how the party held itself out, *id.* at 287, "as well as the understanding among the parties." *United Granite & Quartz, Inc. v. Emuro Transp., LLC*, No. 23-01673, 2023 WL 8868780, at *5 (D.N.J. Dec. 22, 2023) (citing *Louis M. Marson Jr., Inc. v. Alliance Shippers, Inc.*, 438 F. Supp. 3d 326, 331-32 (E.D. Pa. 2020)); *Freight Connections, Inc. v. Express Hound, LLC*, No. 22-1668, 2022 WL 16362467, at *4 (D.N.J. Oct. 27, 2022) (listing factors).

Here, accepting as true Plaintiff's allegation that the DHL Defendants are carriers that took responsibility for the transportation of the cargo, Plaintiff sufficiently states a claim for relief under the Carmack Amendment. *See* Compl., ¶¶ 8, 12, 13.

### 2. *Breach of Contract (Count Two)*

Routine breach of contract claims against brokers are not preempted by federal law. *See AMG Res. Corp. v. Wooster Motor Ways, Inc.*, No. 15-3716, 2019 WL 192900, at *4, n.7 (D.N.J. Jan. 14, 2019) (noting Federal Aviation Administration Authorization Act ("FAAAA") preempts state-based common law tort claims but not breach of contract claims),[3] *aff'd*, 796 F. App'x 96 (3d Cir. 2020); *Hartford Fire Ins. Co.*, 2017 WL 3868702, at *3 (citing and agreeing with cases that hold FAAAA does not preempt routine breach of contract claims against brokers); *see Bunis v. Masha Mobile Moving & Storage, LCC*, No. 23-1237, 2023 WL 3689984, at *4 (E.D. Pa. May 26, 2023) (noting Carmack Amendment does not "'preclude suit against non-carrier entities to the extent that they are liable under other law.'" (footnote and internal citation omitted)). Thus, in the event DHL Transport acted as a broker, Plaintiff's breach of contract claim is not preempted.

Nonetheless, Defendants move to dismiss Count Two arguing that it is inconsistent for Plaintiff to claim that DHL Transport acted as a broker while also alleging in Count One that DHL Transport acted as a carrier; however, the Federal Rules expressly permit inconsistent and alternative claims. *See* Fed. R. Civ. P. 8(d)(2) and (3); *see e.g., Covenant Imaging, LLC v. Viking Rigging & Logistics, Inc.*, No. 20-00593, 2021 WL 973385, at *4 (D. Conn. Mar. 16, 2021) (noting Rule 8 specifically allows plaintiff to plead in the alternative that (1) Eagle acted as a carrier and Pioneer acted as a broker or (2) Eagle and Pioneer both acted as carriers). Moreover, whether a party is a carrier or broker is a fact intensive inquiry that is more appropriately decided at the summary judgment stage. *See e.g., Beecher's Handmade Cheese, LLC v. New Sound Transportation LLC*, No. 21-12809, 2022 WL 3681258, at *3 (D.N.J. Aug. 25, 2022) (denying motion to dismiss as "question of whether a party has accepted such responsibility is ultimately one of fact"); *Hartford Fire Ins. Co. v. Dynamic Worldwide Logistics, Inc.*, No. 17-553, 2017 WL 3868702, at *2 (D.N.J. Sept. 5, 2017) (concluding it was inappropriate to make factual determination whether defendant was broker rather than carrier).

Although Plaintiff may proceed on its alternate breach of contract theory, the Court finds it appropriate to dismiss Plaintiff's allegation that DHL Transport failed to comply with "industry guidelines and applicable law." Compl., ¶ 31. Undefined guidelines and law cannot be the basis of a breach of contract claim because "privately ordered obligations" are by nature distinct from "state-imposed obligations." *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 228-29 (1995) (holding ADA[4] bar on state regulation does not preempt breach of contract claims due to distinction between private and state-imposed obligations).

---

[3] The FAAAA bars States from "enact[ing] or enforc[ing] a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any ... broker ... with respect to the transportation of property." 49 U.S.C. § 14501(c)(1).

[4] The language in the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713(b)(1) is identical to the language in the FAAAA. *See Rowe v. New Hampshire Motor Transport Ass'n*, 552 U.S. 364, 368 (2008).

In addition, even if parties could contract around "industry guidelines and applicable law," the Complaint does not allege that the purported failure to purchase state permits caused any damages. Thus, the motion to dismiss under Rule 12(b)(6) is **granted** as to the allegation that noncompliance with state-imposed obligations constitutes a breach of contract.

## B. Rule 8(a) Group Pleading

Defendants contend that the Complaint improperly lumps the allegations against all Defendants in violation of Fed. R. Civ. P. 8(a)(2), which requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Court does not agree. Plaintiff avers that DHL Defendants acted as carriers that took responsibility for the transportation of the cargo pursuant to specific bills of lading and alternatively, that DHL Transport acted as a broker that failed to properly arrange the safe transport of the cargo. Plaintiff further explains it presently cannot discern one DHL Defendant from the other because both appear to operate under the "DHL" banner. These allegations are sufficient to put the DHL Defendants on notice of the claims against them as carriers or brokers. DHL Defendants' motion to dismiss under Rule 8(a) is **denied.**

## C. Rule 12(b)(3) Improper Venue

On a Rule 12(b)(3) motion, the defendant has the burden to show that venue is improper under 28 U.S.C. § 1391(b). *Bockman v. First Am. Mktg. Corp.*, 459 Fed. App'x 157, 160 (3d Cir. 2012) (citing *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724–25 (3d Cir. 1982)). Where applicable, special venue provisions, such as the Carmack Amendment, 49 U.S.C.A. § 14706(d), prevail over general federal venue provisions. *See Fourco Glass Co. v. Transmirra Corp.*, 353 U.S. 222, 228–229 (1957) (citations omitted). If the special venue provision is restrictive, which is rare, "the action may only be brought in a district permitted by the special venue statute." *In re Lizza Equip. Leasing, LLC*, 614 B.R. 653, 661–62 (D.N.J. 2020) (citation omitted). In contrast, where "the special venue provisions are merely permissive, the general statutes are often read as supplementing the special statute." *Id.* at 661 (citing *Pure Oil Co. v. Suarez*, 384 U.S. 202, 205 (1966)).

The special venue provision applicable to *motor* carriers, 49 U.S.C.A. § 14706(d)(2), states that a civil action "*may* be brought against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred." (emphasis added). As evidenced by use of "may," subsection (d)(2) is permissive rather than restrictive. *See e.g., Starr Indem. & Liab. Co.*, 2017 WL 2466505, at *3-4. In comparison, the special venue provision applicable to *rail* carriers, 49 U.S.C. § 11706(d)(2)(A), is restrictive as it provides suit "may *only* be brought" in certain designated venues. *See id; see also In re Lizza Equipment Leasing, LLC*, 614 B.R. at 662 (concluding that "may *only* be brought" language in 49 U.S.C. § 11706(d)(2)(A) is

5

restrictive); *Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit. Corp.*, 561 U.S. 89, 98 (2010) (noting § 11706(d) can preempt "the parties' ability to choose the venue of their suit").[5]

Because 49 U.S.C.A. § 14706(d) is permissive, venue is proper not only in South Carolina where the accident occurred. First, under subsection (1) of the general venue statute, 28 U.S.C. § 1391(b), venue is also proper in a judicial district "in which any defendant resides, if all defendants are residents of the State in which the district is located." Where the defendant is an entity, it resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C.A. § 1391(c)(2). Because each defendant conducts business in New Jersey, *see* Compl., ¶¶ 2-4, and is subject to personal jurisdiction in this state, under § 1391(b)(1), suit may be brought in New Jersey. Second, under subsection (2), venue is also proper where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). In this case, the cargo was shipped from and returned to New Jersey where the damaged cargo was unpacked and inspected. *See e.g., Shore Slurry Seal, Inc. v. CMI Corp.*, 964 F. Supp. 152, 154 (D.N.J. 1997) (holding venue proper in New Jersey where sales agreement was signed in New Jersey and defendant shipped equipment to New Jersey where it remained). Because a substantial part of the events occurred in New Jersey, Defendants' motion to dismiss for improper venue is **denied.**

### III. CONCLUSION

For the reasons noted above, Defendants' motion to dismiss is **denied in part and granted in part.** DHL Defendants' 12(b)(6) motion to dismiss the breach of contract claim is **granted** only as to ¶ 31 of the Complaint. Defendants' motion to dismiss for improper pleading under Rule 8(a) and for improper venue pursuant to Rule 12(b)(3) is **denied.**

WILLIAM J. MARTINI, U.S.D.J.

Date: February 16, 2024

---

[5] Defendants' reliance on *United Granite & Quartz, Inc.*, 2023 WL 8868780, at *4 is misplaced. There, in noting that Carmack Amendment's special venue statute is restrictive, the court cites the railway carrier provision, 49 U.S.C. § 11706(d)(1) and cases pertaining thereto - *In re Lizza Equipment Leasing, LLC*, 614 B.R. at 661-62, and *Kawasaki Kisen Kaisha Ltd.*, 561 U.S. at 98.